**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 11-4662**

─────────────

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

STANLEY ARNOLD GREENE,

                Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:10-cr-00949-RBH-1)

─────────────

Submitted:  February 13, 2012      Decided:  February 29, 2012

─────────────

Before KING, GREGORY, and SHEDD, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Lionel S. Lofton, LOFTON & LOFTON, P.C., Charleston, South
Carolina, for Appellant.  William N. Nettles, United States
Attorney, Alfred W. Bethea, Jr., Assistant United States
Attorney, Florence, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stanley Arnold Greene appeals his conviction following a conditional guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006). On appeal, Greene contends that the district court erred in denying his motion to suppress the gun officers found in the trunk of his vehicle. Finding no error, we affirm.

In reviewing the district court's denial of a motion to suppress, "[w]e review the district court's legal determinations *de novo* and its factual determinations for clear error." United States v. Kelly, 592 F.3d 586, 589 (4th Cir. 2010). When the district court has denied a suppression motion, "we construe the evidence in the light most favorable to the government." Id.

Greene first contends that the vehicle search was invalid because it was not incident to a lawful arrest. While Greene's factual premise is accurate, his conclusion is not.[1] There is a well-established exception to the warrant requirement for automobile searches. Under this exception, "[i]f a car is

_____

[1] Greene contends for the first time that the officers did not have reasonable, articulable suspicion to conduct the open-air canine sniff. (Appellants Reply Br. at 1-5, 4th Cir. ECF No. 30). However, because Greene did not raise that issue in his opening brief, he has abandoned that claim. See Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).

readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment thus permits police to search the vehicle without more." Pennsylvania v. Labron, 518 U.S. 938, 940 (1996) (citation omitted). Further, "it is well settled that a 'positive alert' from a drug detection dog, in and of itself, provides probable cause to search a vehicle." United States v. Branch, 537 F.3d 328, 340 n.2 (4th Cir. 2008).

Greene's second argument — that the search of the trunk was outside the scope of a warrantless search — is likewise meritless. See Kelly, 592 F.3d at 589-90 ("The scope of a search pursuant to [the automobile] exception is as broad as a magistrate could authorize. Thus, once police have probable cause, they may search 'every part of the vehicle and its contents that may conceal the object of the search.'") (quoting United States v. Ross, 456 U.S. 798, 825 (1982) (citation omitted)).

Accordingly, we affirm the district court's judgment.[2] We dispense with oral argument because the facts and legal

---

[2] Because we conclude that the officer had probable cause to search Greene's vehicle based on the canine's positive indication of narcotics, we find it unnecessary to address Greene's additional argument regarding the applicability of the doctrine of inevitable discovery.

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED